JOSEPH FULTON, Respondent, *v.* H. N. DAY *et als.,* Appellants.

Judgment to be Affirmed upon Neglect to Argue Appeal. If a motion for new trial is not argued and on appeal no attention given to the case by appellant, the judgment will be affirmed without examination of the record.

Action against Lessees for Labor—When Leases Relevant Evidence. Where a person sued for labor performed at a quartz mill for an association of lessees thereof : *Held,* that the leases and contract under which the lessees prosecuted the work were relevant evidence to show the character of the association and establish their interest in the labor on which plaintiff was employed.

Practice Act, Sec. 379—Meaning of "Representative of Deceased Person." Where a person was employed by another to work at a quartz mill for an association, to whom such latter person had assigned a lease thereof; and after the

death of the assignor, the employee sued the association for work and labor : *Held,* that none of the association was sued as the representative of deceased, and there was nothing in section 379 of the Practice Act to prevent plaintiff from testifying as to the conversation and employment by deceased.

EVIDENCE PROPERLY ADMITTED IF PERTINENT FOR ANY PURPOSE. In an action against a number of persons for work and labor performed at the request of one of them, supposed to be the agent of all, where a letter and telegrams of such person directing the employment were admitted in evidence against the sole objection that no power was shown in him to bind the others : *Held,* that the evidence was pertinent at least to bind *him* and properly admitted.

INSTRUCTION ON POINT NOT IN EVIDENCE PROPERLY REFUSED. An instruction, based upon an assumption of fact not sustained by any proof whatever, is properly refused ; for the reason that no instruction can be properly given when there is no evidence to point or sustain it.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

This was an action against H. N. Day and others, alleged to be associated and doing business in White Pine County under the firm name and style of "Lessees of the Monte Christo Gold and Silver Mining Company," to recover $748 50 for work and labor performed for them, as superintendent of their quartz mill, at their request, from August 13 to December 5, 1870. Defendants answered to the effect that plaintiff ought not maintain the action for the reason that he was one of the said lessees; that at any rate they were not indebted to him in any sum greater than $139 86; and setting up a counter claim for boarding exceeding that amount.

On the trial plaintiff introduced in evidence, against defendants' objections on the ground of irrelevancy, three instruments marked respectively "A," "B," and "C." They consisted of a lease from the Monte Christo Gold and Silver Mining Company to H. N. Day for himself and associates, assignees of Thomas Day, deceased, of the quartz mill belonging to the company at White Pine for five years in addition to the time it had already been rented to their assignor; the original lease for five years to Thomas Day, and an agreement between the company, H. N. Day for himself and associates, and Charles Parker, recognizing the leases and providing for the carrying on of work at the mill on behalf of the

defendants.   The plaintiff then took the stand as a witness
on his own behalf and testified that he had been employed
by Thomas Day in his lifetime for the lessees to take charge
of and superintend their works.   Defendants objected to
testimony of any conversations or employment by Thomas
Day, on the ground that he was deceased.   The objection
was overruled and defendants excepted.   The plaintiff pro-
ceeded to testify that he worked at the mill up to and after
the time of Thomas Day's death, and that after such death
he received from H. N. Day at New Haven, Connecticut, two
telegraphic dispatches and a letter, which were produced and
introduced in evidence, directing him to prosecute the work
and keep the mill going.   Defendants objected to this evi-
dence on the ground that it did not appear that H. N. Day
had any authority to bind the lessees.   The objection was
overruled and defendants excepted.

On submission of the case to the jury, defendants asked
for an instruction based upon the supposition that plaintiff
became one of the lessees by the payment of assessments as
such.   The instruction was refused on the ground that there
was no proof of any payment of assessments.   The jury re-
turned a verdict in favor of plaintiff for $706 50 with inter-
est thereon; and a judgment having been entered in accor-
dance therewith and a motion for a new trial having been
overruled, defendants appealed from the judgment and
order.

There were no briefs filed and no oral argument had either
on the motion for new trial or on appeal.

By the Court, LEWIS, C. J.:

The motion for new trial in this case was not argued in
the court below, nor has any attention been given it by
appellants in this court; we are therefore not informed as to
the exact points relied on, and hereafter, under like circum-
stances, will not consider it our duty to look into the record,
but will affirm the judgment without examination.   This we

have examined, however, but find that all the assignments of error seem to be entirely without merit—the first being that the jury gave the plaintiff excessive damages, under the influence either of passion or prejudice. But the evidence fully warrants the amount awarded by the jury.

The court properly admitted exhibits A, B, and C, for they show the character of the association which was composed of the defendants, and establish their interest in the mill in which the plaintiff was employed, and thus tended, at least, to make out a *prima facie* case of liability against the defendants. They served a further purpose also—that of showing the authority of H. N. Day to employ the plaintiff on behalf of the defendants. The objection that they were irrelevant was therefore not well taken.

We cannot see how the death of Thomas Day affected the plaintiff's right to testify as to the conversation which occurred between them, provided the testimony was in other respects unobjectionable. The Practice Act of this State, section 376, provides that all persons may be witnesses in any action or proceeding except as provided in certain subsequent sections, among which is section 379, which declares: "No person shall be allowed to testify under the provisions of section three hundred and seventy-seven, when the other party to the transaction or opposite party in the action or the party for whose immediate benefit the action or proceeding is prosecuted or defended is the representative of a deceased person, when the facts to be proved transpired before the death of such deceased person; and nothing contained in said section shall affect the laws in relation to attestation of any instrument required to be attested." It was under this section that the objection appears to have been made. But it is manifest this case does not come within its provisions, for none of the defendants is sued as the representative of Thomas Day.

Nor did the court err in admitting exhibits 1, 2, and 3, which were telegrams and letters from H. N. Day, instructing the plaintiff to continue his employment. These were entirely pertinent; if for no other purpose, at least for that

of establishing the liability of Day, who is one of the defendants in the action.

The instruction asked by the defendants and refused by the court was properly refused because based upon an assumption of fact not sustained by any proof whatever. No instruction can be properly given where there is no evidence to point or sustain it.

The judgment below must be affirmed.

GARBER, J., did not participate in the foregoing decision.